JOHN H. TRENERRY, APPELLANT, V. CITY OF SOUTH OMAHA, APPELLEE.

FILED FEBRUARY 10, 1910.  No. 15,909.

1. Appeal: ASSIGNMENT OF ERRORS. In an action at law brought to this court on appeal from a judgment of the district court, the assignment of error that the judgment should have been for the plaintiff instead of the defendant is too general to require consideration.

2. ————: ————. Where, however, the record contains a further assignment that the court erred in overruling the motion for a new trial, we will consider the record in order to ascertain whether or not the judgment complained of is warranted by the pleadings.

3. ————: EVIDENCE. In such a case, where there is evidence which will support the judgment, it will not be reversed, unless it is clearly wrong.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*D. C. Patterson,* for appellant.

*W. C. Lambert* and *S. L. Winters, contra.*

BARNES, J.

Action against the city of South Omaha on five warrants of $100 each purporting to have been issued by the city and assigned by the payee thereof to the plaintiff. The trial resulted in a judgment for the defendant, and the plaintiff has appealed.

The petition alleges, in substance, the corporate capacity of the defendant city, and that by its ordinances duly and legally adopted the city directed the removal of garbage and refuse, and in pursuance of said ordinance entered into a contract with one W. H. Rawley for that purpose; that the contractor proceeded to, and did, remove the garbage within the limits of South Omaha in pursuance of said ordinance and his contract; that defendant, in part payment thereof, on the 30th day of September, 1895, directed its clerk to issue warrants, among which are the ones in question, in favor of said Rawley, which were duly issued and signed by the city clerk and the mayor of the defendant city on the 1st day of October, 1895; that they were delivered to Rawley, who, for a valuable consideration, sold and assigned them to the plaintiff; that they were duly presented to, and registered for payment by, the treasurer of the defendant city on the 18th day of November, 1895. Then followed, in the body of the petition, a copy of each one of the warrants sued on. Plaintiff further alleged that the defendant city had failed and neglected to provide a proper and legal fund against which the warrants in question might be drawn; that its officers failed and grossly neglected to collect any taxes or revenue from which they could be paid, although more than four years had elapsed in which the city might have collected funds for that pur-

pose. It was further alleged that the plaintiff was the present owner and holder of said warrants, and concluded with a prayer for judgment for $500 and interest thereon from the 18th day of November, 1895, at the rate of seven per cent. per annum and costs of suit. The answer properly put in issue all of the allegations of the petition, and further contains certain affirmative matter alleging want of authority on the part of defendant city to issue the warrants and to levy and collect any taxes for the purpose of paying them. It also contained a plea of the statute of limitations. Reply was a general denial.

To maintain the issues on his part plaintiff introduced the following evidence: First, an admission of the defendant "that there is not now, and never has been, any money in the fund upon which the warrants, marked exhibits one to five, inclusive, are drawn; that said warrants have not been paid; that the plaintiff is the owner thereof, and that the signatures of all persons appearing upon the face and back of said warrants are the genuine signatures of the persons they purport to be; that Ed Johnston was mayor and Joseph J. Maly was city clerk of the city of South Omaha on October 1, 1895; that Thomas Hoctor was city treasurer of the city of South Omaha on November 18 and 19, 1895; that the warrants were presented for payment, registered for payment upon the dates shown upon the back of the warrants, and payment refused for want of funds. The defendant does not admit that Ed Johnston or Joseph J. Maly signed said warrants in their official capacity. The defendant does not admit, as a matter of law, that Joseph J. Maly, as clerk, and Ed Johnston, as mayor, signed, or could sign, the warrants as officers, or that Thomas Hoctor, who was then treasurer, indorsed the warrants or registered the same, or could indorse or register the same as such officer, as a matter of law." The defendant thereupon offered in evidence the warrants, one to five, inclusive, together with all of the indorsements on the back of the same. They were objected to for the reason that they

were incompetent, irrelevant and immaterial, and for the further reason that they showed upon their face that they were barred by the statute of limitations prior to the commencement of the action, and that any claim evidenced thereby was also barred by said statute. The court received the evidence subject to the foregoing objections, and plaintiff thereupon rested his case.

The defendant, to maintain the issues on its part, introduced in evidence ordinance numbered 98 of the city of South Omaha, which purports to be a special ordinance to provide a fund against which it is claimed the warrants in question were drawn. Defendant also introduced general ordinance numbered 618, which expressly provides that the garbage master or contractor of the defendant city shall collect certain fixed fees and charges from the person in said city from whose premises garbage was removed, and by which it is declared that the fees mentioned therein shall be full payment therefor. Defendant also introduced plaintiff's admission that between the 1st day of November, 1895, and November 1, 1901, no appropriation or estimate was made by the city council, and that no tax was levied to pay the warrants in controversy, or the claim on which they purport to have been based. Defendant further introduced in evidence the annual appropriation bill, and the city ordinance of defendant city levying taxes for the year 1895, which was the year in which the warrants were issued, and thereupon rested its case. No further evidence was offered on either side, and thereupon the trial court found generally for the defendant city and dismissed the plaintiff's cause of action.

The plaintiff now contends that the court erred in rendering judgment for the defendant, and this is the only question presented by the record. While this assignment is too general to merit our consideration, yet we find that the plaintiff further contends that the court erred in overruling his motion for a new trial, and for that reason we have examined the record and bill of excep-

tions, and will determine that question. From the foregoing statement of the evidence it will be observed that the plaintiff failed to show by any competent testimony that Rawley, who was the payee named in the warrants sued on, performed any services for or ever had any contract with the defendant city for the removal of garbage therefrom. Again, the evidence discloses that no appropriation was made by the city for the purpose of paying for the removal of garbage; that no estimate was ever made by the mayor and city council of the defendant city for that purpose; that no fund has ever been created, and no taxes have ever been levied, for the purpose of paying the warrants in question, and the plaintiff has failed to show that it ever was the duty of the defendant to create such a fund.

It follows that the judgment of the district court was the only one which could be sustained by the evidence, and it is therefore

AFFIRMED.